FILED IN OPEN COURT
WESTERN DISTRICT OF T...
DATE: 1-6-...
TIME:
INITIALS:
1:26-...

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No.: 1:26-cr-10020-jay |
| | ) | |
| | ) | |
| STEPHEN LEE FINCHER, | ) | |
| | ) | |
| Defendant. | ) | |

## PLEA AGREEMENT

The following constitutes the plea agreement reached between the United States ("the government"), represented by D. Michael Dunavant, United States Attorney for the Western District of Tennessee, and Adam Chase Davis, Assistant United States Attorney, and the defendant, Stephen Lee Fincher ("the defendant"), represented by Mike Hurst and John A. Bobango, defense counsel. The parties enter into the following plea agreement pursuant to Rule 11 of the Federal Rules of Criminal Procedure:

1. The defendant agrees that he will enter a voluntary plea of guilty to Count 1 of the Criminal Information. The defendant is charged in Count 1 of the Criminal Information with exceeding the possession limit of waterfowl by possessing 30 waterfowl in violation of Title 16, United States Code, §§ 703(a), 707 and Title 50, Code of Federal Regulations, Sections 20.24 and 20.105. The penalty for the violation charged in Count 1 is no more than 6 months imprisonment, a fine of no more than $15,000.00, or both, a term of supervised release of no more than one

year, and a special assessment of $10.00.

2. The government agrees to recommend that the defendant be sentenced to one year of unsupervised probation. The defendant understands that this recommendation is not binding on the Court and, if the Court does not accept the recommendation, he has no right to withdraw his guilty plea.

3. The defendant agrees to pay a fine of $7,500.00 and agrees to the forfeiture to the United States of the firearm he was hunting with at the time of the offense. Payment of this fine shall be directed to the U.S. Fish and Wildlife Service, North American Wetlands Conservation Fund Account.

4. The defendant further agrees that during the period of his probation he shall be prohibited from hunting or associating with any individuals who are actively engaged in hunting activities in the field within the territorial jurisdiction of the United States at any time during their probation period. For the purposes of this agreement and the terms of the defendant's probation, "hunting" is defined as follows:

The term "hunting" applies anywhere within the territorial jurisdiction of the United States at any time during the defendant's term of probation and means to hunt, pursue, shoot, wound, kill, capture, or collect or attempt to hunt, pursue, shoot, wound, kill, capture, or collect any birds or other wildlife or wild animals by any means, or being with, or accompanying, or assisting another person or persons in the field who at any place, in any manner, or by any means, are involved in hunting, pursuing, shooting, wounding, killing, capturing, collecting or attempting to hunt, pursue, shoot, wound, kill, capture, or collect any birds or other wildlife or wild animals.

5. Given the facts in possession of the government at the time of the writing of this agreement, the government does not oppose the defendant receiving acceptance of responsibility credit pursuant to United States Sentencing Guidelines § 3E1.1.

The defendant understands that if the government receives information between the signing of this agreement and his sentencing that the defendant has previously engaged in, or if he engages in the future, in conduct inconsistent with the acceptance of responsibility, including, but not limited to, participation in any additional criminal activities between now and his sentencing, this position could change. Further, the defendant understands that whether acceptance of responsibility credit pursuant § 3E1.1. is granted is a matter to be determined by the Court. Failure of the Court to grant acceptance of responsibility credit is not a basis for the defendant to withdraw his guilty plea.

6. The defendant understands that any statement made during his plea colloquy may be used against him in any criminal prosecution. The defendant knowingly, intelligently, and voluntarily waives any objection based on Rule 410 of the Federal Rules of Evidence.

7. Should it be judged by the government that the defendant has committed or attempted to commit any additional crimes or has engaged in any conduct constituting obstruction of or impeding justice within the meaning of United States Sentencing Guidelines § 3C1.1 from the date of the defendant's signing of this plea agreement to the date of his sentencing, or if the defendant attempts to withdraw his plea, the government will be released from its obligations and would become free to argue for any sentence within the statutory limits. Such a breach by the defendant would not release him from this guilty plea.

8. The defendant agrees that within twenty-one days of the entry of his plea, he will return a fully completed and executed Department of Justice Financial Disclosure

Statement under oath to the United Staes Attorney's Office (USAO) and a release authorizing the USAO Financial Litigation Program to obtain credit reports.

9. The defendant understands that Title 18, United States Code, § 3742 gives him the right to appeal the sentence imposed by the Court. Acknowledging this, the defendant knowingly and voluntarily waives his right to appeal any sentence imposed by the Court and the way the sentence was determined so long as the sentence is within the statutory maximum. This waiver is made in exchange for the concessions made by the government in this plea agreement. The waiver in this paragraph does not apply to claims relating to prosecutorial misconduct or ineffective assistance of counsel.

10. The defendant agrees to pay the $10.00 mandatory assessment to be imposed pursuant to 18 U.S.C. § 3013 to the United States District Court Clerk following entry of his guilty plea, and to provide counsel for the United States with evidence of payment prior to sentencing.

11. The parties hereto agree that this writing constitutes the entire plea agreement between the defendant and the government with respect to his guilty plea. Neither the government or any law enforcement officer can or does make any promises or representations as to what sentence will be imposed by the Court. No additional promises, representations, or inducements, other than those referenced in this plea agreement have been made to the defendant or to the defendant's attorney regarding his plea, and none will be made or entered unless in writing signed by all parties.

12. The defendant agrees that no threats have been made to induce him to plead

guilty. By signing this document, the defendant acknowledges that he has read this

agreement, discussed it with his attorney, and understands it.

D. Michael Dunavant
United States Attorney
Western District of Tennessee

Adam Chase Davis
Assistant United States Attorney

Date: 4/6/26

Stephen Lee Fincher
Defendant

Date: 4-6-26

Mike Hurst
Defense Counsel

Date: 4-6-26